O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nora G. D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Andrew M. Saul, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:19-cv-09373 JAK (KES)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD (Dkt. 20) |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Joint Stipulation (Dkt. 16), the other records on file herein, and the Report and Recommendation of the U.S. Magistrate Judge (Dkt. 18). The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 19) have been made. The Court accepts the report, findings, and recommendations of the Magistrate Judge and denies Plaintiff's motion to supplement the administrative record.

　　　In her Objections, Plaintiff asserts that the Magistrate Judge ignored a medical record submitted to the Appeals Council in support of her request for review of the ALJ's adverse decision. (Dkt. 19 at 3 (citing AR 13–17).) She contends that this December 17, 2018 treatment record supports the July and

August 2018 opinions by Dr. Kahmann, which the ALJ had rejected. (Dkt. 19 at 2–3.) The Appeals Council found that even assuming this evidence was new, material, and related to the period on or before the ALJ issued his decision on November 8, 2018, "this evidence does not show a reasonable probability that it would change the outcome of the decision." AR 1–2. Plaintiff did not discuss this evidence in her portion of the Joint Stipulation. A claim of error not raised by an SSI claimant in the opening brief to the district court is waived. Benjamin M. v. Berryhill, No. 516CV00087JFWKES, 2018 WL 5298427, at *16, 2018 U.S. Dist. LEXIS 182010, at *45 (C.D. Cal. Oct. 19, 2018), report and recommendation adopted, No. 516CV0087JFWKES, 2018 WL 5291929, 2018 U.S. Dist. LEXIS 182006 (C.D. Cal. Oct. 23, 2018); see also Thrasher v. Colvin, 611 F. App'x 915, 918 (9th Cir. 2015) (finding Social Security claims waived when raised for the first time in a reply brief). Regardless, this December 2018 medical record does not provide any support for the extreme limitations assessed by Dr. Kahmann several months earlier. To the contrary, Plaintiff reported that her neck pain was partially alleviated with epidural injections, and the December 2018 physical examination was largely unremarkable, including full strength and range of motion except for postoperative restrictions in the lumbosacral spine, a negative straight-leg-raising test bilaterally, and a normal gait. AR 13–16. Plaintiff also argues that some of the normal findings cited by the ALJ after her March 2018 surgery also existed pre-surgery, so they cannot be indicative of the surgery's success. (Dkt. 19 at 5–6 (citing AR 694–96).) However, any normal findings pre-surgery further undermines Dr. Kahmann's opinions.

Plaintiff contends that the ALJ erred in fully crediting the opinions of the state agency nonexamining medical consultant, because Dr. Harris's opinions were generated prior to her surgery. (Dkt. 19 at 11–12 & n.8.) Plaintiff argues that "[h]ad Dr. Harris been aware that less than 10 months after his review of the record Plaintiff would have to undergo an even more invasive and aggressive surgery in

2

the form of a fusion and laminectomy, it is highly unlikely that Dr. Harris would have issued the opinions that he/she did." (Id. at 12.)  However, this argument is mere speculation and contrary to the medical record.  Indeed, given the record evidence before the ALJ indicating that the March 2018 surgery was largely successful, it is more likely Dr. Harris would have found Plaintiff *less* physically restricted.  Plaintiff asserts that "neither the Magistrate Judge nor the ALJ properly addressed that [her] cervical spine MRI dated September 5, 2017, documented she had moderate central stenosis at the C4-5 and C6-7 levels, which resulted in her ultimately having to undergo cervical fusion surgery in April of 2019." (Id. at 13 (citing AR 611–12).)  To the contrary, both the ALJ and the Report and Recommendation acknowledged Plaintiff's moderate stenosis of the cervical spine, which the ALJ found was a severe impairment. (Dkt. 18 at 11–12 (citing AR 23, 26).)  And the April 2019 cervical fusion surgery postdates the ALJ's decision by several months.[1]  During the relevant period, Plaintiff exhibited normal range of motion of the cervical spine, normal muscle tone and strength, normal and symmetric reflexes, and intact sensation to light touch, and her orthopedic surgeon recommended conservative treatment management.  AR 26, 710–11.  Indeed, in December 2018, only a month after the ALJ's decision, Plaintiff reported that her neck pain was partially alleviated with epidural injections and upon examination, her cervical spine/neck exhibited no swelling, normal appearance, and normal range of motion in all planes.  AR 13, 15.

---

[1] Plaintiff requests that the Court take judicial notice of this April 2019 surgery, which is not part of the Administrative Record. (Dkt. 19 at 19.)  While a court *may* take judicial notice of certain matters "not subject to reasonable dispute," Fed. R. Evid. 201(b), on appeal of the final decision of the Commissioner of Social Security, the district court is limited to reviewing the "transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g).  Regardless, there is no reasonable probability that this record would materially change the ALJ's decision, as noted herein.

Plaintiff argues that the ALJ should have inquired as to why she was not pursuing any mental health treatment before discrediting her subjective symptom statements. (Dkt. 19 at 16–17.) To the contrary, the ALJ asked Plaintiff about her lack of mental health treatment, and Plaintiff denied seeking disability for her alleged mental impairments. AR 40, 47–48. Further, the consultative examiner's mental evaluation was largely unremarkable, and by her own statements, Plaintiff could follow written and spoken instructions and get along with others in a work environment. AR 26, 60, 247, 425–27.

Finally, Plaintiff requests that the Court remand the case to supplement the administrative record with "new and material evidence of Plaintiff's medical condition." (Dkt. 20.) She attaches 65 pages of medical records from Dr. Kahmann, dated May 2018 to February 2020. (Dkt. 20-3.) A claimant may ask the district court to remand the case to permit the ALJ to consider new evidence. 42 U.S.C. § 405(g). However, remand is appropriate only if (1) the new evidence is "material" and (2) there is "good cause" for the failure to incorporate such evidence into the record in prior administrative proceedings. Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001); see Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied."). To be material, the new evidence must bear "directly and substantially on the matter in dispute." Mayes, 276 F.3d at 462 (holding no remand required where claimant failed to demonstrate that "the [back] condition diagnosed in November 1997 [and discussed in the new evidence] even existed when the ALJ hearing was held in May 1997"). This means it must be probative of the claimant's condition at or before the time of the disability hearing. Finally, materiality also requires claimants to "demonstrate that

there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." Id. at 463.

Here, Plaintiff has not demonstrated good cause for waiting until after the Report and Recommendation was issued to produce medical records, some of which are over 28 months old. Indeed, by not making this request at the time the Joint Stipulation was filed, Plaintiff has arguably waived any opportunity to seek a remand. See generally Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009) ("This argument, however, was not made in Bray's opening brief; thus, we deem it waived."); Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1007 (9th Cir. 2006) (by not raising an issue before the district court, "this issue is waived"). Plaintiff's counsel asserts that they only recently learned from Plaintiff that these records existed. (Dkt. 20-1 [Koenig Decl.] at ¶ 3.) But counsel knew in early 2019, when they submitted the December 2018 medical record from Dr. Kahmann, that additional medical records from May, July, October, and November 2018 existed. AR 13 (summarizing Plaintiff's treatment history from April through December 2018). Neglect or inadvertence by counsel are not legitimate reasons for the multiple-month delay in securing these records. See Mayes, 276 F.3d at 463 ("To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier.").

Even if Plaintiff could demonstrate good cause, the additional medical records are not material. The records from before the ALJ's November 2018 decision indicate that while Plaintiff had residual pain, it was improving. (Dkt. 20-3 at 1–24.) Physical examinations were largely unremarkable, with normal range of motion, full strength, negative straight-leg-raising tests bilaterally, and normal gait noted. (Id. at 3–4, 6–7, 11–12, 19, 23.) In April 2018, Dr. Kahmann referred Plaintiff for physical therapy with "[n]o lifting limit & no bending limit." (Id. at 1.) In May 2018, Dr. Kahmann recommended that Plaintiff "increase lifting to 25lbs." (Id. at 4.) In July 2018, Dr. Kahmann noted that Plaintiff's pain "is slowly

improving" and opined that "her symptoms will gradually improve." (Id. at 8.) In November 2018, Dr. Kahmann prescribed an additional set of epidural injections and opined that Plaintiff's "low back symptoms [will] gradually improve." (Id. at 24.) Thus, these records are consistent with the April 2018 records reviewed by the ALJ, which indicated that Plaintiff generally did well after her surgery, and support the ALJ's conclusion that the extreme limitations assessed by Dr. Kahmann in July and August 2018 were contradicted by his largely benign treatment notes.

Plaintiff acknowledges that she initially received relief from her March 2018 surgery but contends that her condition worsened in 2019, such that she had no further surgical options for her low back pain and underwent cervical fusion surgery in March 2019. (Dkt. 20 at 2–3.) However, this deterioration occurred after the relevant time period and is relevant only to a new application, not to this case.[2]  See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir. 1987) (holding evidence of "mental deterioration after the hearing … would be material to a new application, but not probative of [claimant's] condition at the hearing").

IT IS THEREFORE ORDERED that (1) Plaintiff's Motion to Supplement the Administrative Record is denied; and (2) Judgment be entered affirming the decision of the Commissioner denying benefits.

DATED: October 27, 2020       _____
                              JOHN A. KRONSTADT
                              UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021.  AR 23.

6